Virginia Lil Turner PALMER *v.*
Ethel LIDE et al

78-39                                    567 S.W. 2d 295

Opinion delivered June 26, 1978
(Division I)

*McKay, Chandler & Choate, P.A.,* for appellant.

*Tompkins, McKenzie, McRae & Vasser,* for appellees.

GEORGE ROSE SMITH, Justice. This case turns upon the interpretation of a mineral deed executed in 1927 by the parties' predecessors in title. The appellees, who have succeeded to the grantors' interest, contend that the deed conveyed a 1/64th interest in whatever royalty might be reserved by the grantors in subsequent oil, gas, and mineral leases upon the property. Since the royalty was later fixed at 1/8th of the production, the appellees' interpretation, which the chancellor approved, means that the grantee became entitled to 1/8th of 1/8th of 1/8th, or 1/512th, of the total production. The appellant insists that the mineral deed conveyed 1/8th of 1/8th not of the royalty but of the total production.

We agree with the appellees. It is almost sufficient merely to quote the pertinent language in the 1927 mineral deed, which seems to us to admit of only one construction:

> . . . do hereby grant, bargain, sell and convey . . . an undivided one-eighth of one-eighth (1/8) interest in and to all of the oil, gas and other mineral royalty in, under and upon the following described land . . .

> \* \* \* \*

> . . . we do hereby grant and convey unto the said John C. Orr the right to collect and receive under any lease,

leases or contracts now in effect upon said land or that may hereafter be executed . . ., such one-eighth of one-eighth part and interest of all oil, gas and minerals which may become due under such lease, leases or contracts.

It is hereby intended to convey to the said John C. Orr one-eighth of one-eighth of whatever royalty in the oil, gas, and minerals in, under and upon said land which has been retained, provided and reserved, or which may hereafter be retained, provided or reserved, in any oil, gas or mineral lease, leases or contracts covering said land.

*    *    *    *

. . . the said John C. Orr, however, to receive and be entitled to one-eighth of one-eighth of whatever oil, gas or mineral royalty may be reserved . . . in any lease, leases or contracts for the production of oil, gas and other minerals which may hereafter be placed on said land above described.

It will be seen that the deed refers not once but four times either to 1/8th of 1/8th of the royalty or to 1/8th of 1/8th of the royalty to be retained or reserved in any oil, gas, or mineral lease, leases, or contracts. It is not possible to interpret the unmistakably clear language of the deed to mean 1/8th of 1/8th of the total production, as the appellant would have us do.

It is also contended that the appellees are barred by adverse possession, limitations, laches, or estoppel from claiming that the appellant is entitled to only 1/512th of the total production. Oil was first produced on a part of the land in 1963 and on other parts in later years. The appellees, without knowledge of the true facts, signed division orders which described their interest as being less than it should have been. Under those orders some overpayments were made to the appellant, and other payments were put in suspense accounts because the producing company was in doubt about the correct division of the oil runs. In this suit the appellees seek to recover their proper share of the money

in the suspense accounts and their proper share of future production. They do not seek retroactive relief against the appellant, doubtless because they did sign the division orders that were followed by the producer.

In these circumstances the appellees' claims are not barred on any of the grounds that are argued. There was no actual adverse possession of the oil and gas in place. In a case so similar as to be controlling we held that there was no adverse possession or acquiescence where the real title holders did not know that the company owning the oil runs was overpaying one royalty owner on the mistaken premise that his interest was twice as large as it actually was. *Warmack v. Henry H. Cross Co.*, 237 Ark. 869, 377 S.W. 2d 47 (1964). That the appellant erroneously received and kept over-payments for several years does not give her any equitable ground for contending that the same error should continue in the future.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.